IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3098-FL

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIEUTENANT WHEELER and | ) | |
| SERGEANT PURVIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Lieutenant Wheeler's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 112). Plaintiff responded in opposition and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 3, 2018, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. In particular, plaintiff alleges claims for excessive use of force and failure to intervene in violation of the Eighth Amendment to the United States Constitution. Defendants, sued in both their individual and official capacities, are Lieutenant Wheeler ("Wheeler"), and Sergeant Purvis ("Purvis"), both of whom were correctional officers at the Maury Correctional Institution ("Maury C.I.") at the time of alleged incident. As relief, plaintiff seeks both compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management order, defendant Wheeler[1] filed the instant motion for summary judgment, relying upon a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) declaration of Da'Shone Joyner, correctional officer at the Maury C.I.; 2) North Carolina Department of Public Safety ("DPS") offender public information as to plaintiff; 3) plaintiff's DPS infraction history; 4) DPS incident report dated March 14, 2018; 5) declaration of defendant Wheeler; 6) affidavit of James Trachtman, defendant Wheeler's counsel; 7) list of prisoner civil rights action previously filed by plaintiff.

Plaintiff filed a response in opposition, relying upon opposing statement of material facts and appendix of exhibits thereto comprising the following: 1) plaintiff's medical and psychiatric records; 2) excerpts of transcript of a hearing before the North Carolina Industrial Commission; 3) DPS shift logs; 4) administrative grievance records regarding the alleged use of force incident; 5) custody observation reports; 6) witness statements submitted in connection with certain DPS investigations; 7) correspondence between plaintiff and Roderick Watson, the superintendent for custody operations at the Maury C.I.; 8) various DPS policies; 9) pertinent responses to plaintiff's discovery requests; and 10) plaintiff's affidavits.

## STATEMENT OF THE FACTS

Except as otherwise noted below, the court recounts the facts in the light most favorable to plaintiff. Plaintiff's affidavit provides the following account of the alleged assault by defendant Wheeler and defendant Purvis's failure to intervene:

> On [December] 22, 2017, at about [1:00 a.m.] lieutenant Wheeler in the sergeant office on lower-red unit at [the Maury C.I.] did beat me with a large book. He was

---

[1] Defendant Purvis has not appeared in this action since its inception and therefore does not participate in the instant motion.

2

not threatened or provoked in any way.   He beat me about the head and I was in full restraints with hands behind my back.   I was out for a period of time and he picked me up and repeatedly beat me.   [Sergeant] Purvis who was also in the office did nothing to stop Wheeler but watched passively.   I was taken to medical by Wheeler and Purvis.   I had injuries [on] the side of my face.

(Pl.'s Aff. (DE 121-1) at 28).[2]   Plaintiff also submits witness statements from unrelated DPS investigations documenting prior allegations that defendant Wheeler assaulted inmates without justification.   (Pl.'s App. (DE 121-3) at 1–4).

Defendant Wheeler, for his part, denies direct interaction with plaintiff on December 21 or December 22, 2017, and specifically denies taking him into the sergeant's office with defendant Purvis or assaulting him with a large book.   (Wheeler Aff. (DE 115-5) ¶¶ 4–9).

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial."   Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation

---

[2]     Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

4

B.     Analysis

Plaintiff alleges defendant Wheeler used excessive force against him by repeatedly striking him with a large book, knocking him unconscious. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986).   The excessive force inquiry has an objective prong and a subjective prong.   Under the objective prong, the inmate must establish that the forced used was "nontrivial" or more than "de minimis."   Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 10 (1992).

To satisfy the subjective prong, the inmate must show a prison official acted with a "sufficiently culpable state of mind."   Wilson v. Seiter, 501 U.S. 294, 297 (1991).   In an excessive force case, "the 'state of mind required is wantonness in the infliction of pain.'"   Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019) (quoting Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)).   The relevant inquiry for the subjective prong is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing harm."   Whitley, 475 U.S. at 320-21; Brooks, 924 F.3d at 113.   The "question is not whether a reasonable officer could have used force to maintain discipline, but whether these particular officers did use force for that reason."   Brooks, 924 F.3d at 113.

At the summary judgment stage, "the inquiry under the subjective component boils down to whether a reasonable jury could determine that an officer acted with malice, applying force punitively and 'for the very purpose of causing harm.'"   Dean v. Jones, 984 F.3d 295, 302 (4th Cir. 2021) (quoting Whitley, 475 U.S. at 320-21).   The officers' subjective motive may be proved through direct or circumstantial evidence.   Id. at 308-09; Brooks, 924 F.3d at 114-16.

5

Here, defendant Wheeler argues that plaintiff's allegations of excessive force are blatantly contradicted by the record such that no reasonable jury could believe him.  See Scott v. Harris, 550 U.S. 372, 380 (2007).   The court agrees.

Plaintiff acknowledges that he was seen by nursing staff within several minutes of the alleged assault, and the report from that visit wholly contradicts plaintiff's version of this incident. The contemporaneous "clinical encounter" note provides as follows:

> Offender reports injuries that were not address during use of force evaluation [that occurred the previous day].  Upper body and torso were fully inspected with custody staff present.  A small abrasion was noted to top of left shoulder.  Area was cleansed with normal saline.  Instructed offender not to scratch areas.  An abrasion noted to right upper arm, which was previously documented.  No further red marks, abrasions, or areas of bruising noted.  Offender was asked if there were any further issues that need to be addressed at this time.  Offender denied any further needs.  Offender was instructed to complete the sick call process if further issues arise.

(Pl.'s App. (DE 121-1) at 1).   Plaintiff does not dispute the authenticity or accuracy of this medical record, except to suggest that defendant Wheeler lied that the visit was to address injuries from an unrelated use of force incident that occurred the previous day.[3]   (See Resp. (DE 119) at 3).   The note establishes plaintiff suffered at most a minor abrasion to his shoulder as a result of defendant Wheeler allegedly striking him "repeatedly about the head" causing plaintiff to lose consciousness. (Pl's Aff. (DE 121-1) at 28).   And the note directly refutes plaintiff's affidavit testimony that he "had injuries [on] the side of my face."   (Id.).   The nurse identified only abrasions to plaintiff's arms, and "no further red marks, abrasions, or areas of bruising noted" despite full examination of plaintiff's upper body only minutes after the assault.  (Pl.'s App. (DE 121-1) at 1).   Nor did

---

[3]        Contrary to this allegation, the nurse testified before the North Carolina Industrial Commission in a related lawsuit that plaintiff requested that she review his injuries from the prior use of force incident, not that plaintiff had been assaulted anew by defendant Wheeler.  (Pl.'s App. (DE 121-1) at 2)

plaintiff complain of recent loss of consciousness, pain on the side of his face or head, or state that

he was recently assaulted by the officers.   (See id.).[4]

For the reasons set forth above, plaintiff's account is blatantly contradicted by the

uncontested medical records establishing no assault occurred.   No reasonably jury could believe

plaintiff's version of the facts.   See Scott, 550 U.S. at 380 ('When opposing parties tell two

different stories, one of which is blatantly contradicted by the record, so that no reasonably jury

could believe it, a court should not adopt that version of the facts for purpose of ruling on a motion

for summary judgment."); Harris v. Pittman, 927 F.3d 266, 276 (4th Cir. 2019) (explaining

summary judgment "is proper under Scott only when there is evidence . . . of undisputed

authenticity that shows some material element of the plaintiff's account to be blatantly and

demonstrably false" (internal quotation omitted)).   Accordingly, there is no competent evidence

in the record establishing defendant Wheeler used excessive force against plaintiff in violation of

the Eighth Amendment.

Plaintiff's official capacity claims also are without merit.   Official capacity clams are "in

effect, . . . against the governmental entity employing [the defendant]."   Nivens v. Gilchrist, 444

F.3d 237, 249 (4th Cir. 2009).   And where defendants were employed by a state agency during

the relevant time period, these claims are barred by the Eleventh Amendment to the United States

Constitution.[5]   See Board of Trustees of the Univ. of Ala. V. Garret, 531 U.S. 356, 363 (2001);

---

[4]      As plaintiff emphasizes, he filed an administrative grievance stating that he was assaulted by defendant
Wheeler and informed a mental health provider that a corrections officer had assaulted him with a book.   (Pl.'s App.
(DE 121-1) at 4, 10).   He also submits DPS investigative materials indicating two other inmates alleged they were
assaulted by Wheeler.   (Id. at 25; DE 121-3 at 4).   These records, however, do not create a triable issue of fact where
contemporaneous medical records wholly refute plaintiff's account that an assault occurred.

[5]      Plaintiff does not seek any form of injunctive relief in this action.

Idaho v. Coeur d' Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Accordingly, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[6]

C.     Defendant Purvis

As noted above, defendant Purvis has not responded to plaintiff's complaint despite effective service. (See Executed Summons (DE 77)). The court, however, declines to enter default judgment against defendant Purvis. "Where the liability is joint and several or closely interrelated and a defending party establishes that plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of a defaulting defendant." U.S. ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 945 (4th Cir. 1967). Plaintiff's claim that defendant Purvis failed to intervene when defendant Wheeler assaulted him is without merit for the reasons set forth above. Accordingly, the court will enter judgment in favor of defendant Purvis based on plaintiff's failure to establish a triable issue of fact on his excessive force claim.

## CONCLUSION

Based on the foregoing, defendant Wheeler's motion for summary judgment (DE 112) is GRANTED. The clerk is DIRECTED to close this case and enter judgment reflecting dismissal of plaintiff's claims with prejudice as to all defendants.

SO ORDERED, this the 28th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[6]     Section 1915(e)(2) provides that where the plaintiff proceeds in forma pauperis, the court may dismiss the action "at any time" if it determines the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

8